**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATRICE MANSELL,
Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

No. 96-1744

Defendant-Appellee,

and

STEVEN A. GREGOIRE,
Defendant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-95-2797-S)

Submitted: February 28, 1997

Decided: August 19, 1997

Before MURNAGHAN, WILKINS, and NIEMEYER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Patrice Mansell, Appellant Pro Se. George Levi Russell, III, OFFICE
OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Patrice Mansell appeals from the district court's order substituting the United States as a party and dismissing his defamation claim for lack of federal jurisdiction. We affirm.

Mansell filed suit in state court against a fellow employee for defamation. Because both Mansell and the Defendant were federal employees, an Assistant United States Attorney (AUSA) moved for removal of the case to federal court. In support of this motion, he presented a certificate of scope of employment signed by the United States Attorney as a delegate of the Attorney General. According to this certification, the co-employee was acting within the scope of his employment when he made the alleged defamatory statements. Removal was granted. The AUSA then moved for substitution of the United States as the Defendant, under 28 U.S.C.§ 2679(d) (1994), arguing that the certification of employment required the district court to grant the substitution. Finally, the AUSA moved for dismissal, arguing that the required substitution would result in a claim against the United States which would be barred by the Federal Tort Claims Act because Mansell had not pursued any administrative remedies. The district court granted the motion for substitution and then dismissed for lack of federal subject matter jurisdiction. On appeal, we vacated and remanded, finding that the district court had relied on recently overruled Fourth Circuit precedent in determining that the AUSA's certification was conclusive for substitution.

On remand, the district court, properly applying state law principles, found that Mansell's co-employee was acting within the scope of his employment when he made the allegedly defamatory statements. It therefore granted substitution and again dismissed for failure to file with the appropriate administrative agency as required by the FTCA. Our review leads us to conclude that the employee was in fact

2

acting within the scope of his employment when the allegedly defamatory statements were made and therefore we find that substitution was proper under § 2679(d). This substitution leaves only the United States as a defendant to Mansell's actions and accordingly he is obliged to comply with the FTCA by filing a claim with the appropriate federal agency prior to commencement of suit in a federal court. 28 U.S.C. § 2675(a) (1994). Mansell has not filed such a claim and accordingly we affirm the district court's dismissal for lack of federal subject matter jurisdiction.*

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
*We also affirm the district court's denial of Mansell's motion for recusal because Mansell failed to allege any extra-judicial bias. See In re Beard, 811 F.2d 818, 827 (4th Cir. 1987) (providing standard).

3